IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 15-03093M-TUC-LAB |
| Plaintiff, | **ORDER** |
| vs. | |
| James W. Reed, | |
| Defendant. | |

The government provided an Exhibit List and a Witness List to the Court on 7/15/15, which include both the government's and the defendant's proposed exhibits and witnesses. Along with the lists was a string of emails wherein the government objects to defendant's Exhibit 1 (bumper from defendant's vehicle) and defendant's witnesses, Captain Christopher Ruggles and Lieutenant John Tackitt. The government invited the defendant to object to any of its exhibits and witnesses, which the defendant declined.

The Court will characterize the government's email objections as motions in limine to preclude evidence and witnesses. It is unclear what the basis of the objection is to the admission into evidence of defendant's bumper, other than that it might be inconvenient. The government proposes that color photographs be admitted in its place, perhaps pursuant to Rule 403, F.R. of Ev..

The government objects to the defendant's proposed witness, Lieutenant John Tackitt,

1 based on lack of personal knowledge, presumably pursuant to Rule 602, F.R.of Ev.  It argues
2 that Lieutenant Tackitt was not an eyewitness, although he was the first to arrive on the scene
3 and remained at the scene throughout the investigation.  The government objects to
4 defendant's witness, Captain Christopher Ruggles, based on lack of relevance, presumably
5 pursuant to Rule 401, F.R. of Ev., arguing that Captain Ruggles' opinion about whether the
6 law required Specialist Penteris to issue a citation is not relevant.

7 The government's motion in limine to preclude defendant's Exhibit 1 is DENIED.
8 The Court finds that defendant's exhibit 1 is relevant and admissible, and orders the
9 government to assist the defendant in making arrangements with court security to allow the
10 exhibit to be brought into the Evo A. DeConcini Courthouse and to courtroom 5E for the trial
11 on Wednesday, July 22, 2015, by 9:45 a.m.  The Court will also allow relevant photographs
12 to be admitted.

13 The government's motion in limine to preclude defendant's witnesses is GRANTED
14 in part and DENIED in part.  The Court finds that the testimony of Lieutenant John Tackitt
15 may be relevant, depending on what he observed.  The government may reserve the right to
16 object to his testimony or parts of his testimony during the trial.  The Court finds that the
17 testimony of Captain Chrisopher Ruggles is not relevant in that it has no tendency to make
18 a fact more or less probable than it would be without the evidence.

19 SO ORDERED this 20th day of July, 2015.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 2 -